# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2996 | **DATE** | 9/26/2012 |
| **CASE TITLE** | Brookins vs. Chicago Transit Authority | | |

**DOCKET ENTRY TEXT**

The plaintiff's emergency motion [48] is entered and continued until 11/7/2012 at 9:30 a.m, at which time the parties shall appear to determine whether and how the plaintiff wishes to proceed.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     This court recently denied Ms. Brookins' motion for summary judgment and granted the Chicago Transit Authority's cross-motion, dismissing the case. Ms. Brookins has now moved for relief from the judgment, arguing that her counsel was ineffective in representing her interests. Ms. Brookins wishes to renew her opposition to the Chicago Transit Authority's request for summary judgment, and filed a supplemental statement of facts in support of her motion. The court has reviewed that submission, but unfortunately the new facts do not help Ms. Brookins' case. The local rules surrounding summary judgment are complex, and Ms. Brookins' submission does not comport with those rules. Moreover, Ms. Brookins' submission does not address the issues raised by the court in its memorandum opinion on summary judgment. The court can certainly appreciate that Ms. Brookins is attempting to follow the rules; she obviously expended significant effort on putting together the supplemental pleading for the court's review. But that submission is not adequate to the task at hand.

     Ms. Brookins is given until 11/7/2012 to retain new counsel who can assist her in this matter. If the court determines that Ms. Brookins cannot afford to retain new counsel, the court may appoint counsel after Ms. Brookins submits a full financial disclosure affidavit. That form is available at http://www.ilnd.uscourts.gov/PUBLIC/Forms/IFPFormFinal.pdf. In the alternative, if Ms. Brookins wishes to continue *pro se* she should heed the information set out in Local Rule 56.2, which the court has reprinted below. Ms. Brookins is also advised that additional information regarding this court's practice on summary judgment is available as part of this court's standing order, which is available through the internet. (Visit http://www.ilnd.uscourts.gov/home/ and select Judge Joan B. Gottschall from the list of district court judges, then click on the "Summary Judgment Motions" link on the right-hand side of the screen.) Regardless of which path Ms. Brookins chooses to pursue, the parties shall appear on 11/7/2012 at 9:30 a.m. so that the court may determine whether it will grant Ms. Brookins relief from judgment or allow further briefing on the issue.

| STATEMENT |
|---|

Local Rule 56.2: NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT

> The defendant has moved for summary judgment against you. This means that the defendant is telling the judge that there is no disagreement about the important facts of the case. The defendant is also claiming that there is no need for a trial of your case and is asking the judge to decide that the defendant should win the case based on its written argument about what the law is.
>
> In order to defeat the defendant's request, you need to do one of two things: you need to show that there is a dispute about important facts and a trial is needed to decide what the actual facts are or you need to explain why the defendant is wrong about what the law is.

Your response must comply with Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1 of this court. These rules are available at any law library. Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendant's statement of facts. If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant. You also need to explain how the documents or declarations that you are submitting support your version of the facts. If you think that some of the facts offered by the defendant are immaterial or irrelevant, you need to explain why you believe that those facts should not be considered.

In your response, you must also describe and include copies of documents which show why you disagree with the defendant about the facts of the case. You may rely upon your own declaration or the declarations of other witnesses. A declaration is a signed statement by a witness. The declaration must end with the following phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," and must be dated. If you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will be dismissed.

If you choose to do so, you may offer the Court a list of facts that you believe are in dispute and require a trial to decide. Your list of disputed facts should be supported by your documents or declarations. It is important that you comply fully with these rules and respond to each fact offered by the defendant, and explain how your documents or declarations support your position. If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to.

Finally, you should explain why you think the defendant is wrong about what the law is.